UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CAUSE NO. 2:22-cr-184 |
| | § | |
| ELDEN BRANNAN | § | |

**DEFENDANT'S REQUESTED JURY INSTRUCTIONS (AMENDED)**

TO THE HONORABLE JUDGE DAVID S. MORALES, UNITED STATES DISTRICT JUDGE
FOR THE SOUTHERN DISTRICT OF TEXAS:

Defendant, by Assistant Federal Public Defender Rachel Elizabeth Braver, and pursuant to

Federal Rule of Criminal Procedure 30, respectfully requests the Court to instruct the jury on the

law as contained in the attached amended proposed jury instructions numbered 1 through 14, as

follows:

Respectfully submitted,

MARJORIE A. MEYERS
Federal Public Defender
Southern District of Texas
Texas State Bar Number 14003750
Southern District of Texas No. 3233

By /s/  Rachel Elizabeth Braver
RACHEL ELIZABETH BRAVER
Assistant Federal Public Defender
Texas State Bar No.: 24086260
Southern District of Texas No.:  2667519
606 N. Carancahua, Suite 401
Corpus Christi, Texas 78401
Telephone: (361) 888-3532
Fax:        (361) 888-3534

## <u>CERTIFICATE OF SERVICE</u>

I certify that on September 30, 2022 a copy of this document was served via CM/ECF on

Assistant United States Attorney Joel Dunn, 800 N. Shoreline, Suite 500, Corpus Christi, Texas

78401.

/s/  Rachel Elizabeth Braver
RACHEL ELIZABETH BRAVER

## 1.01

## PRELIMINARY INSTRUCTIONS

**Members of the jury:**

Now that you have been sworn, I will give you some preliminary instructions to guide you in your participation in the trial.

***Duty of the jury*:**

It will be your duty to find from the evidence what the facts are. You and you alone will be the judges of the facts. You will then have to apply to those facts the law as the court will give it to you. You must follow that law whether you agree with it or not.

Nothing the court may say or do during the course of the trial is intended to indicate, or should be taken by you as indicating, what your verdict should be.

***Evidence:***

The evidence from which you will find the facts will consist of the testimony of witnesses, documents and other items received into the record as exhibits, and any facts that the lawyers agree to or stipulate to or that the court may instruct you to find.

Certain things are not evidence and must not be considered by you. I will list them for you now.

1. Statements, arguments, and questions by lawyers are not evidence.

2. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

3. Testimony that the court has excluded or told you to disregard is not evidence and must not be considered.

4. Anything you may have seen, heard, or read outside the courtroom is not evidence and must be disregarded. You are to decide the case solely on the evidence presented here in the courtroom.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. I will give you further instructions on these as well as other matters at the end of the case, but keep in mind that you may consider both kinds of evidence.

3

It will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject. I will give you some guidelines for determining the credibility of witnesses at the end of the case.

### Rules for criminal cases:

As you know, this is a criminal case. There are three basic rules about a criminal case that you must keep in mind.

*First*: the defendant is presumed innocent until proven guilty. The indictment brought by the government against the defendant is only an accusation, nothing more. It is not proof of guilt or anything else. The defendant therefore starts out with a clean slate.

*Second*: the burden of proof is on the government until the very end of the case. The defendant has no burden to prove his or her innocence, or to present any evidence, or to testify. Since the defendant has the right to remain silent, the law prohibits you from arriving at your verdict by considering that the defendant may not have testified.

*Third*: the government must prove the defendant's guilt beyond a reasonable doubt. I will give you further instructions on this point later, but bear in mind that in this respect a criminal case is different from a civil case.

### Summary of applicable law:

In this case the defendant, Elden Brannan, is charged in a one-count indictment with knowingly possessing a destructive device that was required to be registered and was not in fact registered to him in the National Firearms Registration and Transfer Record, in violation of Title 26, United States Code, Sections 5841, 5861(d), and 5871.  I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision. But in order to help you follow the evidence, I will now give you a brief summary of the elements of the offense that the government must prove beyond a reasonable doubt to make its case. [Summarize the elements of the offense]

### Conduct of the jury:

During the course of the trial, do not speak with any witness, or with the defendant, or with any of the lawyers in the case. Please do not talk with them about any subject at all. You may be unaware of the identity of everyone connected with the case. Therefore, in order to avoid even the appearance of impropriety, do not engage in any conversation with anyone in or about the courtroom or courthouse. It is best that you remain in the jury room during breaks in the trial and do not linger in the hall. In addition, during the course of the trial, do not talk about the trial with anyone else--not your family, not your friends, not the people with whom you work. Also, do not discuss this case among yourselves until I have instructed you on the law and you have gone to the jury room to make your decision at the end of the trial. Otherwise, without realizing it, you may start forming opinions before the trial is over. It is important that you wait until all the evidence is

4

received and you have heard my instructions on rules of law before you deliberate among yourselves.

Let me add that during the course of the trial, you will receive all the evidence you properly may consider to decide the case. Please do not try to find out information from any source outside the confines of this courtroom. Do not seek or receive any outside information on your own which you think might be helpful. Do not engage in any outside reading about this case or the law involved. Do not attempt to visit any places mentioned in the case, whether in person or via maps or online resources such as Google Earth. You must not read about it in any publications or watch or listen to television or radio reports of what is happening here. Do not use the Internet or any other form of electronic communication to obtain or provide information to another, whether on a phone, computer, or other device. This includes, but is not limited to, the use of websites and search engines, such as Google or Yahoo, or other online resource or publication for the use of sending or receiving information on the case. Do not attempt to learn about the parties, the witnesses, the lawyers, or the judge. Do not send or receive emails or text messages relating to the case or your involvement. Do not read or post information on Facebook, or any other blog or social networking site, such as Twitter or MySpace. The reason for these rules, as I am certain you will understand, is that your decision in this case must be made solely on the evidence presented at the trial.

***Course of the trial:***

The trial will now begin. First, the government will make an opening statement, which is simply an outline to help you understand the evidence as it is admitted. Next, the defendant's attorney may, but does not have to, make an opening statement. Opening statements are neither evidence nor arguments.

The government will then present its witnesses, and counsel for the defendant may cross-examine them. Following the government's case, the defendant may, if he wishes, present witnesses whom the government may cross-examine. If the defendant decides to present evidence, the government may introduce rebuttal evidence.

After all the evidence is in, the attorneys will present their closing arguments to summarize and interpret the evidence for you, and the court will instruct you on the law. After that, you will retire to deliberate on your verdict.

**Defendant's Requested Jury Instruction No. 1**
**(Note Taking by Jurors)**

If you would like to take notes during the trial, you may do so. On the other hand, you are not required to take notes if you prefer not to do so. Each of you should make your own decision about this.

If you do decide to take notes, be careful not to get so involved in the note-taking that you become distracted from the ongoing proceedings. Your notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence. If you do not take notes, you should rely upon your own independent recollection of the proceedings and you should not be unduly influenced by the notes of other jurors.

Notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been. Whether you take notes or not, each of you must form and express your own opinion as to the facts of the case.

You will note that we do have an official court reporter making a record of the trial; however, we will not have typewritten transcripts of this record available for your use in reaching a decision in this case.

**Authority:** Fifth Circuit 2019 Pattern Jury Instructions Criminal, 1.02, West Publishing Co. 2019.

**Defendant's Requested Jury Instruction No. 2**
**(Introduction to Final Instructions)**

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

**Authority:** Fifth Circuit 2019 Pattern Jury Instructions Criminal, 1.03, West Publishing Co. 2019.

**Defendant's Requested Jury Instruction No. 3**
**(Duty to Follow Instructions)**

You, as jurors, are the judges of the facts. But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

**Authority:** Fifth Circuit 2019 Pattern Jury Instructions Criminal, 1.04, West Publishing Co. 2019.

**Defendant's Requested Jury Instruction No. 4**
**(Presumption of Innocence, Burden of Proof, Reasonable Doubt)**

The indictment or formal charge against a defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. The defendant begins with a clean slate. The law does not require a defendant to prove his innocence or produce any evidence at all *[and no inference whatever may be drawn from the election of a defendant not to testify]*.

The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant. While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in making the most important decisions of your own affairs.

**Note**

Delete bracketed material if defendant testifies.

**Authority:** Fifth Circuit 2019 Pattern Jury Instructions Criminal, 1.05, West Publishing Co. 2019.

**Defendant's Requested Jury Instruction No. 5**
**(Evidence – Excluding What Is Not Evidence)**

As I told you earlier, it is your duty to determine the facts. To do so, you must consider only the evidence presented during the trial. Evidence is the sworn testimony of the witnesses, including stipulations, and the exhibits. The questions, statements, objections, and arguments made by the lawyers are not evidence.

The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit. Also, certain testimony or other evidence has been ordered removed from the record and you have been instructed to disregard this evidence. Do not consider any testimony or other evidence which has been removed from your consideration in reaching your decision. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own verdict.

**Authority:** Fifth Circuit 2019 Pattern Jury Instructions Criminal, 1.06, West Publishing Co. 2019.

10

**Defendant's Requested Jury Instruction No. 6**
**(Evidence – Inferences – Direct And Circumstantial)**


**ALTERNATIVE A**

In considering the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence." You should consider and weigh all of the evidence that was presented to you.

The law makes no distinction between the weights to be given either direct or circumstantial evidence. But the law requires that you, after weighing all of the evidence, whether direct or circumstantial, be convinced of the guilt of the defendant beyond a reasonable doubt before you can find him guilty.


**Authority:** Fifth Circuit 2019 Pattern Jury Instructions Criminal, 1.08, West Publishing Co. 2019.

**Defendant's Requested Jury Instruction No. 7**
**(Credibility of Witnesses)**

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses *[including the defendant]* who testified in this case. You should decide whether you believe all, some part, or none of what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

*[The testimony of the defendant should be weighed and his credibility evaluated in the same way as that of any other witness.]*

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point. You will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

**Note**

The language in brackets should be deleted if the defendant did not testify.

**Authority:** Fifth Circuit 2019 Pattern Jury Instructions Criminal, 1.09, West Publishing Co. 2019.

**Defendant's Requested Jury Instruction No. 8**
**(Law Enforcement Witness)**

You have heard the testimony of a law enforcement official. The fact that a witness may be employed by the federal government as a law enforcement official does not mean that his testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

**Authority:** 1-7 Modern Federal Jury Instructions-Criminal P 7.01, Instruction 7-16; United States v. Bethancourt, 65 F.3d 1074, 1080 n.3 (3d Cir. 1995).

### Defendant's Requested Jury Instruction No. 9
### (Impeachment By Prior Inconsistencies)

The testimony of a witness may be discredited by showing that the witness testified falsely, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial.

Earlier statements of a witness were not admitted in evidence to prove that the contents of those statements are true. You may not consider the earlier statements to prove that the content of an earlier statement is true; you may only use earlier statements to determine whether you think the earlier statements are consistent or inconsistent with the trial testimony of the witness and therefore whether they affect the credibility of that witness.

If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.

**Authority:** Fifth Circuit 2019 Pattern Jury Instructions Criminal, 1.11, West Publishing Co. 2019.

**Defendant's Requested Jury Instruction No. 10**
**(Caution – Consider Only Crime Charged)**

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged. The defendant is not on trial for any act, conduct, or offense not alleged in the indictment. Neither are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

**Authority:** Fifth Circuit 2019 Pattern Jury Instructions Criminal, 1.21, West Publishing Co. 2019.

**Defendant's Requested Jury Instruction No. 11**

Title 26, United States Code, Section 5861(d), makes it a crime for anyone knowingly to possess certain kinds of unregistered firearms such as a destructive device.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: That the defendant knowingly possessed a destructive device;

Second: That this destructive device was an explosive bomb;

Third: That the defendant knew of the characteristics of the destructive device;

Fourth: That this destructive device was [could readily have been put] in operating condition; and

Fifth: That this destructive device was not registered to the defendant in the National Firearms Registration and Transfer Record. It does not matter whether the defendant knew that the destructive device was not registered or had to be registered.

The term "destructive device" means (1) any explosive, incendiary, or poison gas (A) bomb, (B) grenade, (C) rocket having a propellent charge of more than four ounces, (D) missile having an explosive or incendiary charge of more than one-quarter ounce, (E) mine, or (F) similar device.

The term "destructive device" shall not include any device which is neither designed nor redesigned for use as a weapon; any device, although originally designed for use as a weapon, which is redesigned for use as a signaling, pyrotechnic, line throwing, safety, or similar device; surplus ordnance sold, loaned, or given by the Secretary of the Army pursuant to the provisions of section 7684(2), 7685, or 7686 of title 10, United States Code; or any other device which the Secretary finds is not likely to be used as a weapon, or is an antique or is a rifle which the owner intends to use solely for sporting purposes.

**Authority:** Fifth Circuit 2019 Pattern Jury Instructions Criminal, 26 U.S.C § 5861(d); 26 U.S.C § 5845(a), (f).

**Defendant's Requested Jury Instruction No. 12**
**("Knowingly" – To Act)**

The word "knew," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

**Authority:** Fifth Circuit 2019 Pattern Jury Instructions Criminal, 1.41, West Publishing Co. 2019.

**Defendant's Requested Jury Instruction No. 13**
**(On or About)**

You will note that the indictment charges that the offense was committed on or about a specified date. The government does not have to prove that the crime was committed on that exact date, so long as the government proves beyond a reasonable doubt that the defendant committed the crime on a date reasonably near February 23, 2022, the date stated in the indictment.

**Authority:** Fifth Circuit 2019 Pattern Jury Instructions Criminal, 1.19, West Publishing Co. 2019.

**Defendant's Requested Jury Instruction No. 14**
**(Duty to Deliberate)**

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. Your duty is to decide whether the government has proved the defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A verdict form has been prepared for your convenience.

*[Explain verdict form.]*

The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security officer. I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.

**Authority:** Fifth Circuit 2019 Pattern Jury Instructions Criminal, 1.26, West Publishing Co. 2019.