UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. 2:22-CR-184 |
| ELDON DON BRANNAN | § § § | |

## PROPOSED INSTRUCTIONS TO THE JURY

COMES NOW the United States of America, by and through the United States Attorney for the Southern District of Texas, respectfully requests that the Court include the following instructions in its charge to the jury, and requests permission to submit such additional instructions as may become appropriate during trial. These instructions are from the 2019 5th Circuit Pattern Instructions, and any modifications thereto, are noted in the Praecipe, which follows.

Dated this 3rd day of October 2022.

                                            Respectfully submitted,

                                            JENNIFER B. LOWERY
                                            UNITED STATES ATTORNEY

By:     *s/ Joel Dunn*
            JOEL DUNN
            Assistant United States Attorney
            California Bar # 299089
            SDTX Admission # 3337074
            800 N. Shoreline Blvd., Suite 500
            Corpus Christi, Texas 78401
            Tel. (361) 903-7936

## CERTIFICATE OF SERVICE AND CONSULTATION

I hereby certify that a true and correct copy of the foregoing PROPOSED INSTRUCTIONS TO THE JURY has been sent to Rachel Braver, attorney for the defendant, via ECF filing and email, on October 3, 2022. I have not consulted with the Defendants' attorney on these proposed instructions as they have not had the opportunity to review them.

      *s/ Joel Dunn*
JOEL DUNN
Assistant United States Attorney

**PRAECIPE**

| Pattern Jury Instruction Number | Description | Stock (S) or Modified (M) | Source/ Supporting Authority |
|---|---|---|---|
| 1.01 | Preliminary Instructions | S | 5th Circuit Pattern Jury Instructions – Criminal |
| 1.03 | Introduction to Final Instructions | S | 5th Circuit Pattern Jury Instructions - Criminal |
| 1.04 | Duty to Follow Instructions | S | 5th Circuit Pattern Jury Instructions – Criminal |
| 1.05 | Presumption of Innocence, Burden of Proof, Reasonable Doubt | S | 5th Circuit Pattern Jury Instructions - Criminal |
| 1.06 | Evidence – Excluding What is Not Evidence | S | 5th Circuit Pattern Jury Instructions - Criminal |
| 1.07 – Alt. B | Evidence – Inferences – Direct and Circumstantial | S | 5th Circuit Pattern Jury Instructions - Criminal |
| 1.08 | Credibility of Witnesses | S | 5th Circuit Pattern Jury Instructions – Criminal |
| 1.19 | On or About | S | 5th Circuit Pattern Jury Instructions – Criminal |
| 1.21 | Caution – Consider Only Crime Charged | S | 5th Circuit Pattern Jury Instructions - Criminal |
| 1.22 | Caution - Punishment | S | 5th Circuit Pattern Jury Instructions – Criminal |
| 1.26 | Duty to Deliberate | S | 5th Circuit Pattern Jury Instructions – Criminal |
| 1.33 | Possession | S | 5th Circuit Pattern Jury Instructions – Criminal |
| 1.41 | Knowingly – To Act | S | 5th Circuit Pattern Jury Instructions – Criminal |
| 2.102 | Possessing Unregistered Destructive Device | M | 5th Circuit Pattern Jury Instructions – Criminal<br>*United States v. Hunn*, 344 F. App'x. 920, |

|  |  |  | (5th Cir. 2009) |
|  |  |  | 26 U.S.C. § 5845(f) |
|  |  |  | *United States v. Price*, 877 F.2d 334, 337 (5th Cir.1989) |

## 1.03:  COURT'S INSTRUCTIONS TO THE JURY AT CONCLUSION OF TRIAL

Members of the Jury:

In any jury trial there are, in effect, two judges.  I am one of the judges; the other is the jury.  It is my duty to preside over the trial and to determine what evidence is proper for your consideration.  It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about burden of proof and how to judge the believability of witnesses.  Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

## 1.04:  DUTY TO FOLLOW INSTRUCTIONS

You, as jurors, are the judges of the facts.  But in determining what actually happened--that is, in reaching your decision as to the facts--it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.  You must not substitute or follow your own notion or opinion as to what the law is or ought to be.  It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy.  That was the promise you made and the oath you took before being accepted by the

parties as jurors, and they have the right to expect nothing less.

### 1.05: PRESUMPTION OF INNOCENCE-BURDEN OF PROOF-REASONABLE DOUBT

The indictment or formal charge against a defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. The defendant begins with a clean slate. The law does not require a defendant to prove his innocence or produce any evidence at all [and no inference whatever may be drawn from the election of a defendant not to testify].

The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant. While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

### 1.06: EVIDENCE – EXCLUDING WHAT IS NOT EVIDENCE

As I told you earlier, it is your duty to determine the facts. To do so, you must consider only the evidence presented during the trial. Evidence is the sworn testimony of the witnesses, including stipulations, and the exhibits. The questions, statements, objections, and arguments made by the lawyers are not evidence.

The function of the lawyers is to point out those things that are most significant or most

helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit. Also, certain testimony or other evidence has been ordered removed from the record and you have been instructed to disregard this evidence. Do not consider any testimony or other evidence which has been removed from your consideration in reaching your decision. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own verdict.

## 1.07:  EVIDENCE – INFERENCES – DIRECT AND CIRCUMSTANTIAL

In considering the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence." You should consider and weigh all of the evidence that was presented to you.

"Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as

an eye witness. "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact.

The law makes no distinction between the weight to be given either direct or circumstantial evidence. But the law requires that you, after weighing all of the evidence, whether direct or circumstantial, be convinced of the guilt of the defendant beyond a reasonable doubt before you can find him guilty.

### 1.08: CREDIBILITY OF WITNESSES

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should decide whether you believe what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the person impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to understand the questions clearly and to answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

[The testimony of the defendant should be weighed and his credibility evaluated in the same way as that of any other witness.]

Your job is to think about the testimony of each witness you have heard and to decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point.

### 1.19: ON OR ABOUT

You will note that the indictment charges that the offense was committed on or about a specified date. The government does not have to prove that the crime was committed on that exact date, so long as the government proves beyond a reasonable doubt that the defendant committed the crime on a date reasonably near the dates stated in the Indictment.

### 1.21: CAUTION – CONSIDER ONLY THE CRIME CHARGED

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged. The defendant is not on trial for any act, conduct, or offense not alleged in the indictment. Neither are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

### 1.22: CAUTION – PUNISHMENT

If a defendant is found guilty, it will be my duty to decide what the punishment will be. You should not be concerned with punishment in any way. It should not enter your consideration or discussion.

## 1.26:  DUTY TO DELIBERATE

To reach a verdict, whether it is guilty or not guilty, all of you must agree.  Your verdict must be unanimous on each count of the indictment.  Your deliberations will be secret.  You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors.  During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong.  But do not give up your honest beliefs as to the weight or effect of the evidence solely because the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts.  Your duty is to decide whether the government has proved the defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A verdict form has been prepared for your convenience.

*[Explain verdict form.]*

The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security officer. I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.

### 1.33:  POSSESSION

"Possession," as that term is used in these instructions, may be one of two kinds: actual possession or constructive possession.

A person who knowingly has direct physical control over a thing, at a given time, is in actual possession of it.

A person who, although not in actual possession, knowingly has both the power and the intention, at a given time, to exercise dominion or control over a thing, either directly or through another person or persons, is in constructive possession of it.

Possession may be sole or joint. If one person alone has actual or constructive possession of a thing, possession is sole. If two or more persons share actual or constructive possession of a thing, possession is joint.

You may find that the element of possession is present if you find beyond a reasonable doubt that the defendant had actual or constructive possession, either alone or jointly with others.

### 1.4: "KNOWINGLY" – TO ACT

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

### 2.102: RECEIVING OR POSSESSING UNREGISTERED FIREARMS

26 U.S.C. § 5861(d)

Title 26, United States Code, Section 5861(d), makes it a crime for anyone knowingly to

possess certain kinds of unregistered destructive devices such as pipe bombs.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

**First:** That the defendant knowingly possessed a destructive device;

**Second**: That this destructive device was a bomb;

**Third**: That the defendant knew of the characteristics of the destructive device;

**Fourth**: That this destructive device was, or could readily have been put, in operating condition; and

**Fifth**: That this destructive device was not registered to the defendant in the National Firearms Registration and Transfer Record. It does not matter whether the defendant knew that the firearm was not registered or had to be registered.

The term "destructive device" means (1) any explosive, incendiary, or poison gas (A) bomb, (B) grenade, (C) rocket having a propellent charge of more than four ounces, (D) missile having an explosive or incendiary charge of more than one-quarter ounce, (E) mine, or (F) similar device.

A homemade pipe bomb is a destructive device under § 5845(f) even if all of its individual components may be possessed legally.